UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID AXMANN | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:22-cv-01635 |
| | § | |
| U.S. ANESTHESIA PARTNERS | § | |
| HOLDINGS, INC. and U.S. ANESTHESIA | § | |
| PARTNERS OF TEXAS, P.A. | § | |
| | § | |
| Defendants | § | JURY TRIAL DEMANDED |

PLAINTIFF'S RESPONSE TO DEFENDANTS' RULE 12(B)(6)
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff hereby responds to the motion to dismiss Plaintiff's First Amended Complaint ("Motion") of Defendants U.S. Anesthesia Partners Holdings, Inc. ("USAPH") and U.S. Anesthesia Partners of Texas, P.A. ("USAPT") (collectively, "Defendants") under Rule 12(b)(6) of the Federal Rules of Civil Procedure, and would show as follows:

1.  By filing their first motion to dismiss. USAPT and USAPH sought dismissal of Plaintiff's age discrimination and retaliation claims for alleged lack of sufficient detail, and to get USAPH dismissed as a party to this action. Plaintiff filed a first amended complaint in response to the first motion to dismiss to demonstrate that such motion should be denied in both respects. Even after the filing of the first amended complaint, USAPT and USAPH complain in their second motion to dismiss that Plaintiff's age discrimination and retaliation claims still lack sufficient detail and still seek to have USAPH dismissed as a defendant.

2. For reasons stated in paragraphs 3, 4 and 5, Defendants' motion to dismiss is no better the second time around. There is certainly no intervening authority concerning the standard for addressing a motion to dismiss, addressed at paragraphs 2, 3, 4 and 5 of the second motion to dismiss, beyond that offered by Defendants in their first motion to dismiss.

3. Despite Plaintiff's fulsome discussion of Plaintiff's age discrimination claim in its response to Defendants' first motion to dismiss (at paragraphs 3, 4 and 6 of the response), including an analysis of the sufficiency of facts to satisfy each of the elements of any age discrimination including his prima facie case and his claim of pretext (both with respect to Plaintiff's original complaint and first amended complaint), Defendants insist that Plaintiff's first amended complaint is inadequate to state a claim even while noting in its second motion to dismiss (at 4) that a plaintiff is not required even to plead a prima facie case to overcome a motion to dismiss. Defendants focus not on any specific element of Plaintiff's prima facie case, but on the ultimate issue, itself sought to be addressed by the requirements of the prima facie case, whether there are allegations to allow a court to infer that an employer defendant took adverse employment actions against an employee plaintiff because of his age. But then, ignoring Plaintiff's allegations going to the issue of pretext in the issue of their own burden to allege a legally adequate purportedly legitimate non-discriminatory ground of termination, Defendants merely incant in paragraph 7 of their second motion to dismiss a claimed legitimate ground of termination. But that is highly problematic because Defendants did not, as reflected in Plaintiff's first amended complaint, give the reason for Plaintiff's termination described in paragraph 7 to Plaintiff as the reason or reasons for his termination at the time of his termination, merely telling him his termination was not for cause. Worse, telling him his termination was not for cause does not even qualify under applicable law as a sufficient proffer of a claimed legitimate non-

discriminatory reason so as to even require Plaintiff to prove pretext, as Plaintiff argued in paragraph 6 of his response to Defendants' first motion to dismiss, citing federal authorities within the Fifth Circuit over the last 41 years consistently rejecting lack of reasonably specific reasons as insufficient even to meet an employee's burden to proffer a legitimate non-discriminatory ground of termination. Defendants do not, however, in their second motion to dismiss, address to any extent Plaintiff's argument in that regard or the authorities supporting the argument. Defendants finally focus in paragraph 8 of the second motion to dismiss on two aspects of Plaintiff's allegations in his first amended complaint which attempt to summarize other allegations rather than refer to the allegations summarize and object to the summary allegations as improperly conclusory and speculative. But ignoring the trees (the allegations of paragraphs 7, 8 and 9 of Plaintiff's first amended complaint) for the forest (single summary allegations in paragraphs 9 and 10 of the first amended complaint, offered for purposes of summary only) is not a winning strategy. Defendants cannot simply ignore the fact-specific allegations of paragraph 7, 8 and 9 of the first amended complaint and act as if it is only allegations referring back to them which properly allege a factual basis for Plaintiff's claim of age discrimination. This Court should accordingly reject Defendants' second bite at the apple on Plaintiff's age discrimination claim. Contrary to the selective focus on only summary allegations rather than underlying specific allegations and selective citation of authorities ignoring the more specific underlying allegations within paragraph 9 of the second motion to dismiss, there are ample facts alleged to allow this Court to infer that Plaintiff was subjected to discrimination on the basis of age.

4. In addressing Plaintiff's claim of retaliation the second time around, Defendants again although this time completely, rather than intellectual he dishonestly (see n. 1 of Plaintiff's response to the first motion to dismiss), concede their problem with the element of protected conduct, and so only focus on the issue of causation. But Defendants refuse to address either the facts alleged in the first amended complaint or the law alleged in Plaintiff's response to the first motion to dismiss pertinent to the issue of causation in making their second argument as to the insufficiency of allegations to support Plaintiff's retaliation claim in paragraphs 12 and 13 of their second motion to dismiss. This is absolutely problematic given the facts pertaining to temporal proximity highlighted by Plaintiff in paragraph 7 of his response to the first motion to dismiss, and the historical and recent Fifth Circuit authority expressly recognizing the significance of such proximity. Moreover, paragraph 6 of Plaintiff's response to Defendants' first motion to dismiss identifies allegations in Plaintiff's first amended complaint of multiple other facts going to the issue of pretext, necessarily supplementing temporal proximity is a basis for proving causation, together with temporal proximity well sufficient to establish a plausible basis for a conclusion that Plaintiff's protected conduct led to his termination not long after. Again, restating, as Defendants do (paragraph 13), their purportedly legitimate (and in this context purportedly non-retaliatory) grounds for termination does not get them anywhere because the purported legitimate non-retaliatory ground for termination offered of "termination without cause" is not by itself sufficient to meet Defendants' burden to proffer one, and in any case, Plaintiff alleges a raft of facts supporting a claim of pretext, as available in response to an attempt to defeat a retaliation claim as it is in response to an attempt to defeat a discrimination claim. The second motion should accordingly be denied as to Plaintiff's claim of retaliation as well.

5. The second motion, in addressing, in paragraph 15 and 16, the issue whether both Defendants were Plaintiff's employers, does not begin to address either the arguments or authorities offered by Plaintiff in paragraph 7 of his response to the first motion to dismiss focusing on that issue. Instead, it merely claims that Plaintiff's acknowledgment that USAPT was his nominal W-2 salary-paying employer is decisive of the question whether both Defendants were employers of Plaintiff. There are two problems with that evasive, minimalist attempt to readdress the issue. One is that acknowledging the nominal salary-paying employer is not at a factual level an admission that a benefits-paying entity is not also an employer under applicable law noted in paragraph 7 of Plaintiff's response to the first motion to dismiss. Second, Defendants offer absolutely no authority that such an honest acknowledgment of the fact that one entity is such a nominal salary-paying employer is preclusive of an argument that a benefit-according entity is not also employer. None of the statements highlighted by Defendants referred to USAPT as Plaintiff's only employer for purposes of the Age Discrimination in Employment Act Third, Defendants offer no rebuttal to the facts and law addressing the issue whether a parent entity, in this case USAPH, is also properly considered an employer under the Age Discrimination in Employment Act under the combination "control test" and "economic realities test" analysis for determining whether related entities are both employers for liability purposes of an employee offered by Plaintiff. To be clear, there is no response whatsoever by Defendants in their second motion to dismiss to that aspect, or indeed, any aspect of, paragraph 7 of Plaintiff's response to the first motion to dismiss, addressing the propriety of USAPH as a co-defendant.

6. Defendants again raise the issue of attorney's fees and expenses in their second motion to dismiss (at n. 1), as in the first motion to dismiss, despite the lack of any legal authority for an award of attorney's fees and expenses in connection with a motion to dismiss

PLAINTIFF'S RESPONSE TO DEFENDANTS'
RULE 12(B)(6) MOTION TO DISMISS COMPLAINT – Page 5

absent circumstances absolutely not existing here. This is not the moral equivalent of a rambling ridiculous attempt to state a claim as in Christiansburg Garment Co. v. Equal Employment Opportunity Commission, 434 U.S. 412 (1978) and cases following it, the sole authority for attorney's fees for a defendant in a case such as this one. For counsel of the purported quality of that of Defendants to suggest that the first amended complaint crafted by counsel with a firm of the quality representing Plaintiff is not only professionally insulting but so much so that sanctions under Dondi Properties Corp. v. Commerce Savs. & Loan Ass'n, 121 F.R.D.284 (N.D. Tex. 1988) would not be inappropriately considered.

7. It is distinctly apparent that counsel for Defendants is being pressed serially by their clients to make motions which only succeed in reinforcing the seriousness of Plaintiff's claims against Defendants. The first motion to dismiss, while mooted by Plaintiff's first amended complaint, should in its transmogrified form simply be denied.

8. Plaintiff is not burdening the Court with a second amended complaint, but there is always a deeper layer of the onion to be revealed, and if this Court thinks there is any even arguable defect in the pleading of Plaintiff's claims in the first amended complaint, Plaintiff is prepared to submit a second amended complaint responding to any such perceived defects.

WHEREFORE, Plaintiff prays that this Court deny Defendants' second motion to dismiss, permit Plaintiff to file a second amended complaint if this Court perceives any pleading defects in the first amended complaint, and grant Plaintiff any other relief to which he is entitled, including sanctions under Dondi Properties Corp. v. Commerce Savs. & Loan Ass'n, 121 F.R.D.284 (N.D. Tex. 1988).

Respectfully submitted,

/s/ Robert E. Goodman, Jr.
Robert E. Goodman, Jr.
State Bar No. 08158100
reg@kilgorelaw.com
Kilgore & Kilgore, PLLC
3141 Hood Street, Suite 500
Dallas, Texas 75219
(214) 379-0843 Telephone
(214) 379-0840 Telecopy

ATTORNEY FOR PLAINTIFF

CERTIFICATE OF SERVICE

      I hereby certify that the foregoing was served on all parties in this matter using the electronic filing system of this Court and/or by email on September 28, 2022.

Jennifer A. Youpa
jyoupa@littler.com
Matthew A. Swanger
mswanger@littler.com
Littler Mendelson, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, Texas 75201

                                                    /s/ Robert E. Goodman, Jr.
                                                  Robert E. Goodman