IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID AXMANN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:22-CV-01635-N |
| | § | |
| US ANESTHESIA PARTNERS | § | |
| HOLDINGS, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendants U.S. Anesthesia Partners Holdings, Inc., ("USAPH") and U.S. Anesthesia Partners of Texas, P.A.'s ("USAPT") motion to dismiss [20] Plaintiff David Axmann's First Amended Complaint [16] pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court concludes that Axmann has sufficiently stated a discrimination claim upon which relief can be granted, but not a plausible retaliation claim. Accordingly, the Court grants in part and denies in part the motion.

### I. AXMANN'S EMPLOYMENT BY DEFENDANTS

Defendants USAPH and USAPT operate a corporate medical practice collectively as U.S. Anesthesia Partners ("USAP"). Am. Compl. ¶¶ 2, 5. Axmann, an anesthesiologist, became a stockholder of USAPH and employee of USAPT in November 2017 following USAP's acquisition of his previous employer. *Id.* ¶ 6. Axmann alleges that at the time of the acquisition, "most of the anesthesiologists" were over 50 years of age. *Id.*

After the acquisition, USAP allegedly implemented a new policy to staff operating rooms with nurse anesthetists supervised by non-board-certified anesthesiologists. *Id.* Axmann contends that both are generally younger than other anesthesiologists, and he allegedly observed that the policy led to the constructive discharge and discharge of "many older anesthesiologists." *Id.* USAP also allegedly "inquired in writing of the retirement plans of anesthesiologists over 40 years of age." *Id.*

In July 2020, USAP[1] human resources personnel held a meeting with Axmann to discuss allegations of poor performance and misconduct. *Id.* ¶¶ 7, 10. They also informed Axmann that he would be required to submit to coaching sessions with Dr. David Teegarden, a physician counselor chosen by USAP, as a condition of his continued employment. *Id.* ¶ 8. Two months later, Axmann communicated that he refused to attend the sessions unless the review was conducted by "a mutually agreed-upon qualified medical professional." *Id.* ¶¶ 8, 9. He also allegedly notified USAP that he believed he was "being subjected to age-based harassment and other age discrimination." *Id.* ¶ 11. After a lengthy dispute, USAP ultimately confirmed it would not agree to another professional and terminated Axmann without cause in January 2021. *Id.* ¶¶ 8, 12.

---

[1] In some instances, the amended complaint refers to "Defendants" generally rather than assigning conduct specifically to USAPT, USAPH, or both. Typically, group pleading is disfavored. However, here, where USAPT and USAPH allegedly regularly operate collectively as USAP and there is no other, separate defendant, references to "Defendants" properly put USAPT and USAPH on notice that Axmann attributes the alleged misconduct to their joint operation. *See Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 385–86 (5th Cir. 2017) (affirming ruling that group pleading in the complaint nevertheless complied with Rule 8 by providing "minimally adequate notice of Plaintiffs' claims in [the] matter and the bases therefor"). Accordingly, the Court reads Axmann's references to "Defendants" as "USAP."

ORDER – PAGE 2

Axmann was over the age of 40 at the time of the events giving rise to this litigation. *See id.* ¶ 5. He argues that Defendants' requirement that he undergo counseling sessions but not asking the same of younger employees constituted age discrimination in violation of the Age Discrimination in Employment Act ("ADEA").[2] Further, he claims that Defendants unlawfully retaliated against him by terminating him because he complained of age discrimination. Defendants have moved to dismiss.

## II. THE LEGAL STANDARD FOR A RULE 12(B)(6) MOTION TO DISMISS

Upon a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). A viable complaint includes "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. To meet this standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012).

In an employment discrimination case, the plaintiff is not required to establish a prima facie case at the pleading stage. *Raj v. La. State Univ.*, 714 F.3d 322, 325 (5th Cir.

---

[2] Codified at 29 U.S.C. § 621, *et seq.*

ORDER – PAGE 3

2013). A plaintiff need only allege facts supporting each claim's "ultimate elements." *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 767 (5th Cir. 2019) (quoting *Chhim v. Univ. of Texas at Austin*, 836 F.3d 467, 470 (5th Cir. 2016)). However, the *McDonnell Douglas* prima facie elements can be "helpful to reference" when determining whether the ultimate elements are adequately pled. *Cicalese*, 924 F.3d at 767 (quoting *Chhim*, 836 F.3d at 470–71); *see also Roy v. U.S. Dep't. of Agric.*, 115 F. App'x 198, 201 (5th Cir. 2004) (citing *Celestine v. Petroleos de Venezuella SA*, 266 F.3d 343, 355–56 (5th Cir. 2001)) (explaining that *McDonnell Douglas* is the proper standard in single-plaintiff cases because "pattern and practice claims are unavailable outside of a class action") (internal quotations omitted).

### III. The Court Grants the Motion in Part

#### A. Axmann Has Plausibly Alleged that Both Defendants Were His Employers

Courts determine whether a defendant is an employer for ADEA purposes using the "hybrid economic realities / common law control test." *Deal v. State Farm Cty. Mut. Ins. Co. of Tex.*, 5 F.3d 117, 118–19 (5th Cir. 1993). The "most important component" is whether the defendant had the "right to control" the plaintiff's conduct, indicated by power over "hiring, firing, supervising, or setting work schedules." *Pequeño v. Univ. of Tex. at Brownsville*, 718 F. App'x 237, 242 (5th Cir. 2018) (citing *id.* at 119). Courts also consider "who paid the employee's salary, provided benefits, withheld taxes, and set the terms and conditions of employment." *Pequeño*, 718 F. App'x at 242 (citing *Deal*, 5 F.3d at 119).

Axmann contends that while USAPT was his direct employer, USAPH also exercised control over USAPT's finances, "operational and human resources aspects," and

ORDER – PAGE 4

employment decisions. Am. Compl. ¶ 6. Specifically, he explains that USAPH instituted specific rate and billing practices affecting anesthesiologist compensation and disciplined, hired, and fired anesthesiologists. *Id.* At this stage, it is enough for Axmann to allege that the Defendants were both responsible for specific aspects of the control and management of his position. *See, e.g.*, *Miller v. Sam Houston State Univ.*, 986 F.3d 880, 890 (5th Cir. 2021) (reversing dismissal where plaintiff alleged that two university systems were her joint employers because they both oversaw personnel decisions and the granting of tenure). Accordingly, the Court concludes that the amended complaint sufficiently alleges both USAPT and USAPH as proper defendants.

### B. Axmann Has Plausibly Alleged Age Discrimination

To state a plausible age discrimination claim, Axmann must "set forth allegations that would enable the court to reasonably infer that the employer took the adverse employment action because of [his] age." *Woldetadik v. 7-Eleven, Inc.*, 881 F. Supp. 2d 738, 741 (N.D. Tex. 2012) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511–12 (2002)).

Treating Defendants' purported legitimate, nondiscriminatory reason for the coaching requirement as outweighing Axmann's allegations would supplant pleading requirements with evidentiary standards. He may later be able to rebut their legitimate, nondiscriminatory reason with evidence of pretext. At the pleading stage, where the Court must assume that the plaintiff's allegations are true — even if doubtful in fact — Axmann is only required to create the inference that "the employment decision and his protected [status] were not wholly unrelated." *Boyd v. Dall. Area Rapid Transit*, 2018 WL 7265377,

ORDER – PAGE 5

at *8 (N.D. Tex. 2018) (quoting *Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 684 (5th Cir. 2001)).³

Axmann contends that allegations of his poor performance were "false in all events," that "Defendants did not apply [their] own policies relating to evaluation of clinical performance," and that Defendants demanded counseling based on claims of inadequate professional conduct of older anesthesiologists "while not doing so in the case of younger anesthesiologists." Am. Compl. ¶ 9–10. Taking these assertions as true, "an employment record that does not support the adverse action" and "an employer's departure from typical policies and procedures" are the type of allegations that support an inference of a causal connection. *Garvin v. Southwestern Correctional, LLC*, 391 F. Supp. 3d 640, 653 (N.D. Tex. 2019). The Court concludes that Axmann's "short and plain statement" of the facts adequately goes beyond "unsupported speculation" to survive dismissal of his age discrimination claim. FED. R. CIV. P. 8(a)(2); *see Malik v. Continental Airlines Inc.*, 305 F. App'x 165, 170 (5th Cir. 2008).

### C. Axmann Has Not Plausibly Alleged Retaliation

To state a retaliation claim under the ADEA, Axmann must allege facts supporting a causal link between his protected activity and an adverse employment action. *See Boyd*, 2018 WL 7265377, at *6 (collecting cases). In addition to disparate treatment of

---

³ Though *Boyd* discussed causation in the retaliation context, the same causation standard applies to ADEA discrimination and retaliation claims, and ADEA discrimination plaintiffs also must plead causation. *Leal v. McHugh*, 731 F.3d 405, 409–10 (5th Cir. 2013) (citing *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 180 (2009)); *English v. Perdue*, 777 F. App'x 94, 99 (5th Cir. 2019) (citing *Raj*, 714 F.3d at 331; *Leal*, 731 F.3d at 410–12).

comparators, employment records inconsistent with the action, or Defendants' failure to follow policy, a short period of time between an employee's protected conduct and adverse employment action may show a causal connection. *See Garvin*, 391 F. Supp. 3d at 653.

Unlike with his discrimination claim, Axmann has not alleged that other employees who did not complain of discrimination were treated more favorably. He also has not alleged that terminating him following his complaints violated any specific internal policy. The amended complaint offers only temporal proximity of four months[4] in support of the retaliation claim.

Though a four-month period was previously suggested to be close enough in this Circuit, the Fifth Circuit has since followed more recent Supreme Court guidance in treating three months as insufficient to show causation. *Garcia v. Professional Contract Servs., Inc.*, 938 F.3d 236, 243 (5th Cir. 2019) (citing *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273–74 (2001)). Axmann's termination was too far removed from his complaints of discrimination for the Court to properly infer a causal connection from their temporal proximity alone. Thus, his retaliation claim warrants dismissal.

## Conclusion

The Court concludes that Axmann has adequately stated his age discrimination claim and accordingly denies the motion to dismiss in that respect. However, Axmann has not adequately pled retaliation, and the Court thus grants the motion to dismiss that claim

---

[4] Axmann purportedly complained of age discrimination on September 28 and October 9, 2020, and was terminated on January 29, 2021. Am. Compl. ¶¶ 11, 12. Plaintiff has not alleged any later protected activity with specificity.

without prejudice and with leave to amend. Provided that he can do so in a manner consistent with this opinion, Axmann may file a Second Amended Complaint within thirty (30) days of the date of this Order.

Signed January 25, 2023.

_____
David C. Godbey
Chief United States District Judge